BARNS, PAUL D., Associate Judge.
From a conviction of murder in the third ■degree in Hillsborough County on an indictment for murder in the first degree, the defendant brought this appeal. We affirm.
The verdict of the jury was rendered on September 16, 1965. The first assignment of error argued by appellant is that the trial court erred in admitting into evidence an alleged confession. The record shows that Hilson’s wife was killed after midnight on May 2, 1965 (i. e., May 3, 1965). The defendant was taken into custody in Polk County and then surrendered to the Hills-borough County Sheriff on May 3rd. The transcribed confession in question and answer form was around 2:30 o’clock a. m., May 4th, preceded by oral interrogations. No physical abuse is shown or claimed. The defendant was advised by the officer taking the confession that he did not have to make a statement, that any statement he made might be used against him in a court ■of law, and that he had a right to get an attorney; and that “you don’t have to say anything to anyone about this matter that we are going to question you about.” Thereupon, defendant answered:
“Q. In view of what I have already told you, do you wish still to make a statement concerning the death of your wife?
■“A. (Nodded in the affirmative).”
Relative to the extrajudicial confession admitted into evidence, the court charged the jury:
“ * * * There have been permitted to go before you evidence tending to show certain admissions by or confessions of this defendant, but unless you find from the evidence, that such alleged admissions or confessions were made and were freely and voluntarily made by the defendant, you should rej ect them and exclude them from your consideration in arriving at your verdict. But if you find from the evidence that such alleged admissions or confessions of the defendant were made by the defendant and were freely and voluntarily made by the defendant, then such alleged admissions or confessions may be received and considered by you, but should be received and considered with great caution.
“Especially should you receive and consider with great caution if these admissions or confessions were made after the defendant was incarcerated in jail or under arrest. The jury is to determine the credence which should be attached to the alleged admissions or confessions and every part of it. It is the duty of the jury to consider an alleged admission or confession as a whole and to give such alleged admissions or confessions a fair and itnprejudiced consideration to fairly and fully consider the time and all of the circumstances of its making, its harmony or inconsistency in itself or with other evidence in the case, and the motives which may have operated on the party making it, and to give effect to the whole or part or such parts thereof, as you the jury find sufficient reason to credit, and to reject from consideration the whole or such part or the parts thereof as you the jury find reason to reject. But you should not give effect to any part or reject any part arbitrarily or capriciously.”
The facts and circumstances of this case are not within the holding of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, *92 12 L.Ed.2d 977 (1964). Escobedo was expanded by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). But neither decision is required, under ordinary circumstances, to be applied retrospectively. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).
The other assignments of error have all been argued and it is our conclusion that they are either without substance or fail to show harmful error.
Affirmed.
SHANNON, Acting C. J., and HOB-SON, J., concur.